```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


  RAYMOND ZIOMEK,                :
                                 :
            Petitioner           :
                                 :    CIVIL NO. 1:CV-07-1719
       vs.                       :
                                 :    (Judge Caldwell)
  JAMES T. WYNDER, ET AL.,       :
                                 :
            Respondents.         :
```

*M E M O R A N D U M*

*I.    Introduction*

Raymond Ziomek has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1981 conviction for first-degree murder. He raises the following three grounds. First, he has newly discovered evidence in the form of the owner's manual for the handgun used in the crime which demonstrates that the gun can accidently discharge, thereby negating his first-degree murder conviction. Second, he did not knowingly waive his right to a jury trial and was not advised that he could receive consecutive sentences, or the total sentence that could be imposed. Third, he was denied his right to withdraw his waiver of a jury trial and to withdraw his guilty plea.

We are considering whether the petition should be dismissed as untimely under the one-year statute of limitations for § 2254 petitions. We raised the issue sua sponte and gave Petitioner an opportunity to respond. For the following reasons, the petition will be dismissed as time-barred.

*II.   Background*

On February 4, 1981, Ziomek pled guilty to murder, abuse of a corpse, and criminal mischief in the Luzerne County Court of Common Pleas for the November 1979 fatal shooting of John McNulty and his attempts to dispose of McNulty's body by dismembering it. In February 1981, after a degree-of-guilt hearing, the court found Ziomek guilty of first-degree murder. In May 1981, he was sentenced to an aggregate term of life plus two- to four-years imprisonment. (Doc. 1, Petition, Attachment, *Commonwealth v. Ziomek*, 889 A.2d 121 (Pa. Super. Oct. 26, 2005)). Petitioner filed a timely direct appeal to the Superior Court of Pennsylvania which affirmed his conviction and sentence on May 7, 1982. (*Id.; see also Commonwealth v. Ziomek*, 446 A.3d 671 (Pa. Super. 1982) (table)). On August 2, 1982, the Pennsylvania Supreme Court denied Ziomek's appeal. (Doc. 1, Petition, Attach., *Commonwealth v. Ziomek*, 889 A.2d 121 (Pa. Super. Oct. 26, 2005)).

On September 9, 1987, Ziomek filed the first of three petitions for postconviction relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9545, and its precursor, the Post Conviction Hearing Act. (*Id.*)  After Ziomek was appointed counsel, an evidentiary hearing was held and the petition was denied on April 5, 1989.  (*Id.*)  Ziomek's appeal to the superior court was denied on September 11, 1990.  The Pennsylvania Supreme Court denied Ziomek's petition for allowance of appeal on February 12, 1991.  *See Commonwealth v. Ziomek*, 583 A.2d 837, 406 (Pa. Super. Sept. 11, 1990)(Table, No. 01441 PHL 89), *appeal denied*, 590 A.3d 297, 527 Pa. 610 (Pa. Feb. 12, 1991)(Table, No. 937 E.D. 1990)).

On January 3, 1997, Ziomek filed his second petition for collateral relief pursuant to the PCRA.  (Doc. 1, Petition, Attachment, *Commonwealth v. Ziomek*, 889 A.2d 121 (Pa. Super. Oct. 26, 2005); Doc. 7-2, Notice of Intention to Dismiss for Collateral Relief).  Ziomek's second PCRA petition was denied by the PCRA court on February 25, 1997, on the merits.  (See Doc. 7-3, pp. 5-6).  Ziomek did not file an appeal of the PCRA court's denial of his second petition.

On September 19, 2003, Ziomek filed his third PCRA petition.  On January 7, 2005, the PCRA court dismissed the petition as untimely.  The superior court affirmed the decision

on October 27, 2005. In doing so, the court rejected Petitioner's argument that his PCRA petition was timely because he had only recently discovered that the handgun could accidently discharge. The superior court found that this was information available to Petitioner at the time of his potential trial and ultimate guilty plea. (Doc. 1, Petition, Attach., *Commonwealth v. Ziomek*, 889 A.2d 121 (Pa. Super. Oct. 26, 2005)). The Pennsylvania Supreme Court denied Ziomek's petition for allowance of appeal on September 20, 2006. *(Id., see also Commonwealth v. Ziomek*, 889 A.3d 121 (Pa. Super. Oct. 27, 2005)(Table, No. 267 MDA 2005), *appeal denied by*, 907 A.2d 1102, 589 Pa. 721 (Pa. Sept. 20, 2006)(Table, No. 1001 MAL 2005)). Ziomek did not seek certiorari review from the United States Supreme Court.

On September 20, 2007, Ziomek filed his § 2254 petition. The Court sua sponte raised the limitations issue, ordered Respondents to address it and gave Petitioner an opportunity to respond in a reply brief. *See United States v. Bendolph*, 409 F.3d 155 (3d Cir. 2005)(en banc)(holding that a district court may sua sponte raise the statute of limitations so long as the habeas petitioner is given notice and afforded an opportunity to respond to the limitations issue).

On October 12, 2007, Respondents filed a response arguing that the petition was untimely. (Doc. 5, Response).

Petitioner did not file a reply but he had addressed the timeliness of his petition in response to a question on the form 2254 motion he used to initiate these proceedings. (Doc. 1, ¶ 18). Ziomek asserted that he was entitled to equitable tolling of the limitations period because the handgun manual was newly discovered evidence found only after the exercise of reasonable diligence and was not available during his degree-of-guilt hearing.

*III.  Discussion*

    A. *Applicable Law*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). The AEDPA amended the federal habeas corpus statute by imposing a one-year statute of limitations on petitions filed under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). In relevant part, a prisoner seeking collateral relief from a state criminal judgment must file his federal habeas petition within one year after the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . . or

>    (D) the date on which the factual
>    predicate of the claim or claims presented
>    could have been discovered through the
>    exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) and (D).

Tolling may also affect the calculation of the limitations period.  Statutory tolling under § 2244(d)(2) applies for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  Equitable tolling also applies.  *See Fahy v. Horn*, 240 F.3d 239 (3d Cir. 2001).

Under *Burns*, state prisoners whose convictions became final before the April 24, 1996, enactment of AEDPA were permitted one year, or until April 23, 1997, in which to file a federal habeas petition under § 2254.  *Burns*, 134 F.3d at 111.  This limitations period is also tolled during the time a properly filed application for state postconviction relief is pending.  *See Taylor v. Horn*, 504 F.3d 416, 426 (3d Cir. 2007).

However, a state postconviction petition that is untimely under state law is not "properly filed" and does not toll the running of the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-12, 161 L.Ed.2d 669 (2005).  Further, whether a state petition is

untimely is a matter of state law that cannot be reconsidered by a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2006) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.") (internal quotations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 159 (3d Cir. 2003) ("an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed' under 28 U.S.C. § 2244(d)(2)").

    B. *Ziomek's Petition Is Time-barred*

In his proceedings on direct appeal, the Pennsylvania Supreme Court denied Ziomek's appeal on August 2, 1982. Under section 2244(d)(1)(A), Ziomek's conviction thus became final on November 1, 1982, the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Long v Wilson*, 393 F.3d 390, 394 (3d Cir. 2004). Therefore, under *Burns* Petitioner had until April 23, 1997, to file his § 2254 petition.

As previously noted, Ziomek filed the instant petition on September 20, 2007, more than ten years later, and it

therefore appears to be untimely, unless statutory or equitable tolling or both make the petition timely.

Statutory tolling does apply, but only for part of the time. Ziomek's second PCRA petition tolled the statute as it was filed on January 3, 1997, before the April 23, 1997, deadline, and was decided on the merits (and thus apparently properly filed). However, at that point, 254 days of the AEDPA's limitations period had run, leaving Petitioner with only 110 days to file his § 2254 petition once the state court resolved the second PCRA. On February 25, 1997, the PCRA court dismissed the second PCRA petition, restarting the limitations period on March 27, 1997, the expiration of the thirty-day period for appealing to the superior court. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000). Ziomek's deadline for filing his § 2254 petition thus expired on July 15, 1997, 110 days later, well short of the filing date of September 20, 2007.[1]

Ziomek cannot rely on equitable tolling to fill the gap, based on his assertion that the handgun manual, supposedly

---

[1] Ziomek's first PCRA petition did not toll the limitations period as it was filed and decided before enactment of the AEDPA. His third PCRA petition did not toll it either. First, it was filed on September 19, 2003, after the expiration of the statute of limitations. Second, it was dismissed by the state court as untimely under state law. (Doc. 1, Petition, Attach., *Commonwealth v. Ziomek*, 889 A.2d 121 (Pa. Super. Oct. 26, 2005)). As noted, a state postconviction petition found to be untimely under state law does not toll the federal limitations period. *See Satterfield*, *supra*, 434 F.3d at 192 (citing *Pace*, *supra*).

revealing that the gun could accidently discharge, is newly discovered in the exercise of reasonable diligence.  On his appeal of his third PCRA petition, the Pennsylvania Superior Court found that information about the gun's potential for accidental discharge was discoverable around the time the trial was to be held, and before Petitioner's guilty plea.  Under 28 U.S.C. § 2254(e)(1), we are bound by this factual finding. *See Washington v. Sobina*, 509 F.3d 613, 619 (3d Cir. 2007); *United States ex rel. Araujo v. Sternes*, No. 04-C-374, 2004 WL 2496467, at *3 (N.D. Ill. Nov. 4, 2004)(under section 2254(e)(1), federal habeas court must accept state-court factual finding relating to the federal statute of limitations).  Because Petitioner could have discovered this evidence around February 1981, he cannot show the reasonable diligence the Third Circuit requires for equitable tolling. *See Lacava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005).

Our conclusion holds even if we assume that a claim of actual innocence would equitably toll the statute.[2]  A claim of actual innocence also requires reasonable diligence. *See Horning v. Lavan*, 197 Fed. Appx. 90, 94 (3d Cir. 2006) (nonprecedential) ("[E]ven assuming that this court were to permit equitable

---

[2] Petitioner asserts that the potential for the handgun to accidently discharge establishes his actual innocence. (Doc. 1, petition, p. 6).

tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [Petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim."); *Benjamin v. Wynder*, No. 07-2168, 2008 WL 222319, at *3 (E.D. Pa. Jan. 25, 2008).[3]

*IV.   Conclusion*

We will issue an order dismissing Ziomek's § 2254 petition as untimely.  We will also deny a certificate of appealability, based on the above analysis.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the

---

[3]  Petitioner cannot rely on section 2244(d)(1)(D) to argue that, on at least his first claim, the statute did not begin to run until he discovered the manual.  First, we are bound by the superior court's finding that he should have discovered this information around the time he was to be tried.  Second, on Petitioner's version of events, he would have discovered this information in the exercise of due diligence at the earliest around August 2003, (doc. 1, ¶ 18), still making his 2254 petition untimely since the third PCRA petition would not have tolled the statute.  *See Pace*, *supra*, 544 U.S. at 413, 125 S.Ct. 1811-12. Petitioners who are unsure of when to file their 2254 petitions are advised to file them and then seek a stay while they litigate in state court.  *Id.* at 416-17, 125 S.Ct. at 1813-14.

court of appeals.  *See* Federal Rule of Appellate Procedure 22;
Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 13, 2008

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
RAYMOND ZIOMEK,                    :
                                   :
           Petitioner              :
                                   :   CIVIL NO. 1:CV-07-1719
      vs.                          :
                                   :   (Judge Caldwell)
JAMES T. WYNDER, ET AL.,           :
                                   :
           Respondents.            :
```

*O R D E R*

AND NOW, this 13th day of February, 2008, it is ordered that:

    1. The petition (doc. 1) for writ of habeas corpus filed under 28 U.S.C. § 2254 is denied as untimely.

    2. A certificate of appealability is denied.

    3. The Clerk of Court is directed to close this case.

                         /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge