IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND ZIOMEK,
    Petitioner

vs. : CIVIL NO. 1:CV-07-1719

JAMES T. WYNDER, et al. : (Judge Caldwell)
    Respondents

*M E M O R A N D U M*

I. *Introduction*

On September 20, 2007, the petitioner, Raymond Ziomek, filed a counseled petition under 28 U.S.C. § 2254 challenging his conviction and sentence in the Court of Common Pleas of Luzerne County, Pennsylvania. In those state proceedings, Petitioner pled guilty in February 1981 to murder generally, abuse of a corpse and criminal mischief. After a degree-of-guilt hearing, the court found him guilty of first-degree murder. In May 1981, he was sentenced to an aggregate term of life plus two to four years' imprisonment.

On February 13, 2008, we dismissed the 2254 petition as time-barred. *Ziomek v. Wynder*, 2008 WL 416887 (M.D. Pa.). We are considering two motions challenging that ruling: (1) a counseled motion, filed on April 2, 2009, styled as a "petition for habeas corpus pursuant to 28 U.S.C. § 2254," but which actually requests that the

February 13 order be reopened and the 2254 petition be considered on the merits; and (2) a pro se motion filed pursuant to Fed. R. Civ. P. 60(b)(6) on February 19, 2013.[1]

II. *Discussion*

    A. *The Counseled Motion*

As noted, the counseled motion is styled as a 2254 petition, but since substantively it requests that we reopen the judgment, we will treat it as a motion under Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(1) through (5) allows relief from a judgment in five specific situations.[2] Rule 60(b)(6), the catchall provision, allows relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[3] Like motions made under the

---

[1] Both motions challenge our ruling that the petition was untimely, so neither is a second or successive 2254 petition. *See United States v. Andrews*, 463 F. App'x 169, 171-72 (3d Cir. 2012)(nonprecedential).

[2] The categories are:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; . . .

Fed. R. Civ. P. 60(b)(1)-(5).

[3] We cannot see how the motion can be considered under any other statute or rule other than Rule 60(b)(6). The motion was filed on April 2, 2009, which makes it too late for consideration under Fed. R. Civ. P. 59(e). The filing date also makes it too late for consideration under Rules 60(b)(1), (2) or (3), as motions under these rules must be filed within one year of the judgment at issue. *See* Rule 60(c)(1). Additionally, neither Rule

-2-

other subdivisions of Rule 60(b), a motion under Rule 60(b)(6) "must be made within a reasonable time." Rule 60(c)(1). "What constitutes a 'reasonable time' depends on the circumstances of each case. [citation omitted]. A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *In re: Diet Drugs*, 383 F. App'x 242, 246 (3d Cir. 2010)(nonprecedential).

Because a motion under Rule 60(b)(6) can be granted "for any other reason that justifies relief," the party seeking such relief must show "extraordinary circumstances" as a way of respecting the separate interest in the finality of judgments. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). If an extreme and unexpected hardship will result if relief is not granted, then extraordinary circumstances have been shown. *Id.* "This 'hardship' requirement may sometimes be satisfied when the judgment 'precluded an adjudication on the merits.'" *Id.* (quoted case omitted). A delay in filing a Rule 60(b)(6) motion must also be justified by extraordinary circumstances. *In re: Diet Drugs*, 383 F. App'x at 246.

In the instant case, as noted above, on February 13, 2008, we denied the 2254 petition as barred by the statute of limitations, after performing the typical calculation involving statutory and equitable tolling. The counseled motion, filed April 2, 2009, argues we should grant relief because: (1) the memorandum and order denying the

---

60(b)(4), nor Rule 60(b)(5) apply by their terms to the grounds raised in the motion. That leaves only Rule 60(b)(6), the catchall provision.

petition was never sent to Petitioner's counsel, although it was sent to Petitioner; and (2) the petition was timely, based on statutory and equitable tolling, contrary to the court's analysis.

We will deny the counseled motion. First, the motion does not establish extraordinary circumstances for the delay in filing the motion. We see no reason to disagree with counsel that he was not sent the order denying the 2254 petition at the time it was filed. A review of the docket indicates it was only sent to Petitioner. However, the motion does not inform us when counsel did obtain a copy, as it only says that he "was not given timely notice." (Doc. 9, ECF pp. 2, 3). In the absence of an allegation concerning when counsel actually received notice, we cannot conclude that the motion was filed within a reasonable time.

Second, the motion does not otherwise establish extraordinary circumstances. In seeking relief from the judgment, it only reiterates points we dealt with in deciding that the 2254 petition was time-barred. This is not enough. *See Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010)(nonprecedential)(no extraordinary circumstances when party merely reargues the merits of his claims).

B. *The Pro Se Rule 60(b)(6) Motion*

The pro se motion also argues that we erred in deciding that the 2254 petition was untimely, but presents a new argument. The motion argues we made a factual error in saying that Petitioner's second state postconviction relief petition, filed January 3, 1997, was denied by the trial court on February 25, 1997. *Ziomek v. Wynder*, 2008 WL

416887, at *1, 3.  This led us to conclude that the tolling of the limitations period by the second postconviction petition ended on March 27, 1997, the expiration of the period for appealing the trial court's order, when Petitioner did not take an appeal.  *Id.* at *3.  With the limitations period running again, we then decided that the deadline for filing a 2254 petition was July 15, 1997, leading to the conclusion that the petition was time-barred as it was filed on September 20, 2007, more than ten years later.  *Id.* at *3.[4]

    Petitioner correctly points out that the trial court did not deny the second postconviction petition on February 25, 1997.  Instead, on that date the court merely filed a notice of intent to dismiss the petition, (Doc. 14-2, ECF p. 12, docket entries), and in fact no order was ever entered dismissing the petition.  Petitioner asserts this was only discoverable in subsequent state-court collateral proceedings and cites, among others, the Pennsylvania Superior Court's opinion dealing with a subsequent postconviction petition.  *See Commonwealth v. Ziomek*, No. 1938 MDA 2010 (Pa. Super. Ct. Oct. 21, 2011)("[t]he docket does not reflect that [the trial judge] formally dismissed the petition")(Doc. 14-3, ECF p. 8, attached as Ex. B to the Rule 60(b)(6) motion).  In Petitioner's view, since the second postconviction petition was never dismissed, it is still pending and still tolling the limitations period.  In support, he cites *Commonwealth v. Swartzfager*, 59 A.3d 616, 619 (Pa. Super. Ct. 2012)("In the absence of a final ruling on a timely-filed first PCRA petition, another petition for post-conviction relief can be considered an amended first timely petition.").

---

    [4] We also concluded that Petitioner was not entitled to equitable tolling.  *Id.* at *4.

We will deny the pro se motion. First, Petitioner has not established extraordinary circumstances for the delay in filing the motion. Petitioner asserts that our factual error did not become apparent until later postconviction proceedings. However, as his Rule 60(b)(6) motion shows, the error was apparent from the trial-court docket entries, which he attaches as an exhibit to his memorandum in support of his motion. (Doc. 14-2, ECF p. 12). Petitioner waited about five years after the entry of our order to seek relief from the judgment, too long an unexplained period of time.

Second, the motion does not otherwise establish extraordinary circumstances, again because of the docket entries. Petitioner could have argued this point when we were considering the timeliness of his 2254 petition. *See Moolenaar v. Govt. of the Virgin Islands*, 822 F.2d 1342, 1347 (3d Cir. 1987)(extraordinary circumstances not shown when party relies on evidence that was available from the outset).

Finally, Petitioner also argues equitable tolling should have applied to make his 2254 petition timely. He contends that the state court and other parties obstructed his attempt to appeal to the superior court from the proceedings on his second postconviction petition filed January 3, 1997. We reject this argument because it also was available to Petitioner when the timeliness of his federal petition was being litigated. In any event, for equitable tolling to apply, Petitioner "must show two things: '"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his 2254 petition. *Holland v. Florida*, 560

U.S. 631, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)(quoted case omitted). Petitioner has not shown that he was pursuing his federal rights diligently nor how any alleged obstruction of his attempt to appeal his second state postconviction petition prevented him from timely filing his federal petition.

    We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 5, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND ZIOMEK,
    Petitioner

vs.      CIVIL NO. 1:CV-07-1719

JAMES T. WYNDER, et al.      (Judge Caldwell)
    Respondents

*O R D E R*

AND NOW, this 5th day of December, 2013, it is ordered that:

1. The motion (Doc. 9) for relief from judgment, filed on April 2, 2009, styled as a "petition for habeas corpus pursuant to 28 U.S.C. § 2254," is denied.

2. The motion (Doc. 13) filed pursuant to Fed. R. Civ. P. 60(b)(6) on February 19, 2013, is denied.

                /s/William W. Caldwell
                William W. Caldwell
                United States District Judge